IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVIN BRANDIS PUGH, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CHOCTAW COUNTY, ALABAMA, )<br> )<br>    Defendant. ) | Case No. 2:25-cv-26-RAH-SMD |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Devin Brandis Pugh ("Pugh"), who is proceeding *pro se*, filed this action on January 3, 2025, against Defendant Choctaw County ("Choctaw County") claiming in conclusory fashion that Choctaw County lacks adequate public transportation. Compl. (Doc. 2) pp. 51-54.[1] As explained below, the undersigned recommends that this action be dismissed without prejudice because this Court is not the appropriate or convenient venue to hear the dispute.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "[A] district court may dismiss a suit *sua sponte* for lack of venue," but the district court must "first giv[e] the parties an opportunity to present their views on the issue." *Algodonera De Las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005)

---

[1] Pugh's claims originally were filed as part of a complaint against more than thirty defendants. *See* Order (Doc. 1); Compl. (Doc. 2). Citing grounds of improper joinder, the Court directed that the claims against Choctaw County, Alabama, be severed and docketed as a new action. Order (Doc. 1).

(quoting *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988)). A magistrate judge's report, to which the parties can file objections, creates a sufficient opportunity to present these arguments. *See Wilkinson v. Sec'y, Fla. Dep't of Corr.*, 622 F. App'x 805, 808-809 (11th Cir. 2015) (affirming the district court's *sua sponte* dismissal of an action for improper venue where the magistrate judge's report provided the plaintiff with "notice" and an opportunity to present arguments in support of venue); *Wells v. Cohen*, 2023 WL 5358586 at *4 (M.D. Ala. June 23, 2023) *report and recommendation adopted* 2023 WL 5353350 (M.D. Ala. Aug. 21, 2023).

Here, all of the alleged conduct involving Choctaw County occurred in Choctaw County, Alabama, *see* Compl. (Doc. 2) pp. 51-54, causing most—if not all—records and witnesses relevant to the underlying dispute to be located in Choctaw County, Alabama. Because Choctaw County, Alabama, is located within the geographical boundaries of the United States District Court for the Southern District of Alabama (*see* 28 U.S.C. § 81(a)(1)), venue is neither proper nor convenient here in the Middle District of Alabama. *See* 28. U.S.C. § 1391(b). Therefore, the undersigned recommends that this case be dismissed without prejudice so that Pugh may file the action, if he wishes, in the appropriate venue.

Accordingly, the undersigned Chief United States Magistrate Judge

RECOMMENDS that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1406(a) for having been filed in an improper venue. Further, it is

ORDERED that all objections to this Recommendation must be filed **no later than July 10, 2025.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general

objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      DONE this 26th day of June, 2025.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE